1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

James Kozubal
          Plaintiff,
     v.
RESURGENT CAPITAL
SERVICES L.P. d/b/a LVNV
FUNDING LLC;

CASE NO.

Complaint for a civil case

Jury Trial: ☒ Yes   ☐ No



FILED BY _MC_ D.C.

SEP 16 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**<u>Introduction</u>**

1. This is a civil action for actual, statutory damages and cost brought by James Kozubal ("Plaintiff") an individual consumer, against defendant, Resurgent Capital Services ("LVNV") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**<u>Jurisdiction</u>**

2. Jurisdiction of this court arises under 15 U.S.C § 1681(P), 15 U.S.C § 1692 K(d) and 28 U.S.C § 1391 B(2) because a substantial part of the events, omissions, or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("LVNV") transact business in Monroe County, Florida.

3. The court has supplemental jurisdiction of any state law pursuant to 28 U.S.C § 1367.

**Parties**

4. Plaintiff, James Kozubal is a natural person and consumer as defined by 15 U.S.C § 1681 a(c), residing in Monroe County, Florida.

5. Upon information and belief, Defendant, LVNV is a South Carolina Corporation with a principal place of business located at 55 Beattie Place Suite 110 Greenville, SC 29601

6. Defendant, LVNV has a Registered Agent by the name of CORPORATION SERVICE COMPANY with a principal place of business located at 1201 HAYS STREET TALLAHASSEE, FL 32301

7. Defendant LVNV., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's. The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

8. The acts as described in this complaint were performed by defendants or on defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "defendant" or their owners, agents, and/or employees.

**Factual Allegations**

9. Defendant LVNV., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6)

10. The primary and principal business of the defendant is to collect on alleged defaulted debts.

1    11. The defendant obtained an alleged debt regarding the Plaintiff in or Around August of

2    2020.

3    11. On or about June 8th 2024, the Plaintiff sent a letter to LVNV. LVNV received the

4    letter on June 20th 2024.

5    12. As is the Plaintiff's right under the FDCPA, the Plaintiff in his letter informed the

6    defendant that the only convenient way to communicate with him was through email or text and

7    all other forms of communication were inconvenient (such as a letter from the defendant) and

8    provided the defendant with his email and phone number in the letter.

9    13. Despite the Plaintiffs clear instructions, in an attempt to harass, oppress, and

10   intimidate the Plaintiff, the defendant proceeded to send a letter to the Plaintiff which was an

11   communication about a debt and an attempt to collect a debt dated July 23rd 2024.

12   14. This letter sent to harass, confuse, and oppress the plaintiff.

13   15. All of the above actions by defendants and collection agents of defendants were made

14   in violation of the FDCPA as will be described below.

15   16. Plaintiff has the interest and right to be free from deceptive, misleading collection

16   efforts.

17   17. Plaintiff has the interest and right to privacy from individuals harassing him in an

18   attempt to collect a debt after the Plaintiff has invoked his rights by notifying the debt collector

19   how to communicate with him.

20   18. Plaintiff has the interest and right to be free from harassment due to debt collectors

21   trying to collect on an "alleged" debt.

22   19. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived

23   plaintiff of their rights was directed by Defendant to plaintiff specifically.

24

20. Plaintiff's injury is directly traceable to Defendants conduct because if it wasn't for the Defendants conducts, Plaintiff would not have been deprived of his rights.

21. Defendant, LVNV, caused the Plaintiff emotional distress, mental anguish, Loss of time due to learning how to defend himself against the Defendant, invasion of privacy, anxiety due to efforts to try and collect this "alleged debt without regard for the law, fear due to harassment which has led to sleepless nights, and psychological harm.

22. The Plaintiff request that defendant compensate him for damages due to the FDCPA violation(s) under 15 USC § 1692k.

23. Plaintiff justifiably fears that, absent this court's intervention, Defendant LVNV will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts.

24. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

25. A favorable decision herein would redress Plaintiffs injury with money damages.

26. A favorable decision herein would server to defer Defendant from further similar conduct.

## **Count 1 Violation of the Fair Debt Collection Practices Act**

## **(LVNV)**

27. Plaintiff reincorporates by referencing all the preceding paragraphs.

28. According to 15 U.S.C 1692c(a)(1) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1)at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a

debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

29. As is the Plaintiff's right under the FDCPA, the Plaintiff in his letter to the defendant informed the defendant that the only convenient way to communicate with him was through email or text and all other forms of communication were inconvenient (such as a letter from the defendant) and provided the defendant with his email and phone number in the letter.

30. Despite the Plaintiffs clear instructions, in an attempt to harass, oppress, and intimidate the Plaintiff, the defendant proceeded to send a letter to the Plaintiff which was an communication about a debt and an attempt to collect a debt dated July 23rd 2024.

31. Despite the Plaintiffs clear instructions, in an attempt to harass, oppress, and intimidate the Plaintiff, the defendant proceeded to send a letter to the Plaintiff which was an communication about a debt and an attempt to collect a debt dated July 23rd 2024.

32. Defendant, LVNV, violated the Fair Debt Collection Practices Act as follows:

33. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(a)(1) of the FDCPA by communicating with the plaintiff at a unusual time or place which was known to be inconvenient to the consumer.

34. The defendant is in violation of 15 U.S. Code § 1692d by engaging in conduct in which the natural consequence was harassing, oppressive, and abusive to the plaintiff.

35. As a result of these violations, the Defendant, LVNV, caused the Plaintiff emotional distress, mental anguish, Loss of time due to learning how to defend himself against the Defendant, invasion of privacy, anxiety due to efforts to try and collect this "alleged debt without regard for the law, fear due to harassment which has led to sleepless nights, and psychological harm.

1    36. As a result of the above violations of the FDCPA, Defendant are liable to the Mr.

2    Kozubal for the following:

3        A. Judgment for the violations occurred for violating the FDCPA;

4        B. Actual damages pursuant to 15 U.S,C 1692k(1)(2);

5        C. Statutory damages pursuant to 15 U.S.C 1692k(2);

6        D. Cost pursuant to 15 U.S.C 1692k(3); E. For such other and further relief as the Court

7    may deem just and proper.

8                            **Jury Demand and Prayer For Relief**

9    Wherefore Plaintiff, James Kozubal respectfully demands a trial by Jury and request that
     judgement be entered in favor of the Plaintiff against the Defendant for:

10

11       A. Judgment for the violations occurred for violating the FDCPA;

12       B. Actual damages pursuant to 15 U.S,C 1692k(1)(2);

13       C. Statutory damages pursuant to 15 U.S.C 1692k(2);

14       D. Cost pursuant to 15 U.S.C 1692k(3); E. For such other and further relief as the Court

15   may deem just and proper.

16

17

18       Date:
         _____09/12/2024_____

19                        YOUR NAME: James Kozubal

20                        EMAIL: kozubalbusiness@gmail.com

21                        Phone Number: 305-394-1436

22                        Adress: 101 Caloosa Street Apt 5, Tavernier, FL, 33070

23

24

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

**PRESS FIRMLY TO SEAL**
**PRESS FIRMLY TO SEAL**

## E PRIORITY MAIL EXPRESS 1-DAY™

USPS TRACKING #

9470 1111 0550 1783 5512 77

0007

(305) 384-1436

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; all rights reserved.

**PRIORITY**
**MAIL**
**EXPRESS®**

**UNITED STATES**
**POSTAL SERVICE®**

*EMS*

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

GUARANTEED* ■ TRACKED ■ INSURED

total shipments, the maximum weight is 20 lbs.