**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION- MARTINEZ/SANCHEZ**
**CASE NO. 4:24-cv-10073-JEM**

**JAMES KOZUBAL,**

        **Plaintiff,**

  **v.**


**RESURGENT CAPITAL SERVICES,**
**L.P.**

        **Defendant.**
_____/

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 8 and12(b)(6), Defendant Resurgent Capital Services, L.P. respectfully requests that this Honorable Court dismiss Plaintiff James Kozubal's Complaint.  In support thereof, Defendant states as follows:

1.      Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692c(a)(1) and 1692(d) of the Fair Debt Collection Practices Act ("FDCPA") by sending him a letter via regular mail after he purportedly informed Defendant that the only "convenient" way to communicate with him was through email or text message.  *See* D.E. 1.

2.      Because the Complaint does not separate each cause of action or claim for relief under the FDCPA into different counts, it is an impermissible shotgun pleading under Eleventh Circuit precedent, warranting dismissal.

3.      Furthermore, because § 1692c(a)(1) of the FDCPA does not give rise to a cause of action for a consumer who claims U.S. mail is inconvenient, or that email is the only convenient

way by which they can be contacted, Plaintiff's Complaint fails to state a claim upon which relief can be granted under § 1692c(a)(1).

WHEREFORE, Defendant Resurgent Capital Services, L.P. respectfully requests that this Honorable Court dismiss Plaintiff James Kozubal's Complaint and grant any such further relief as the Court may deem just or proper for the reasons that follow.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

On June 8, 2024, Plaintiff sent Defendant a letter (which Defendant received on June 20, 2024) in which he "informed the defendant that the only convenient way to communicate with him was through email or text and all other forms of communication were inconvenient (such as a letter from the defendant). D.E. 1, ¶¶ 11 – 12.  Plaintiff claims that a subsequent letter from Defendant (dated July 23, 2024) violated §§1692c(a)(1) and 1692d of the FDCPA because it constituted a communication "at an unusual time or place which was known to be inconvenient" and/or the natural consequence of that letter was "harassing, oppressive, and abusive" as it was sent via regular mail as opposed to email. *Id.* at ¶¶ 33 – 34.

The Court must dismiss Plaintiff's Complaint for two reasons.  First, Plaintiff's Complaint is an impermissible shotgun pleading because it fails to distinguish between separate causes of action in violation of Fed. R. Civ. P. 8. See *RKR Motors, Inc. v. Perez*, 2024 U.S. Dist. LEXIS 107947, *12 - *13 (S.D. Fla. 2024).  Second, because courts throughout the country have rejected Plaintiff's theory that § 1692c(a)(1) of the FDCPA gives rise to a cause of action for a consumer who claims U.S. mail is inconvenient, or that email is the only convenient method by which they can be contacted, Plaintiff's Complaint fails to state a cause of action upon which relief can be

granted under § 1692c(a)(1) of the FDCPA. *See, e.g., Ford v. Midland Credit Mgmt., Inc.*, 2024 U.S. Dist. LEXIS 119226, *9 (N.D. Ga. July 8, 2024) (collecting cases).

## II.   <u>STANDARD OF REVIEW</u>

A complaint is considered an impermissible "shotgun pleading" if it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Garcia v. Madison Cty. Ala. Sheriff's Office*, 2021 U.S. app. LEXIS 22649 at *7 - *8 (11th Cir. 2021). Shotgun pleadings "wreak havoc on the judicial system" by "watering down the rights of parties" to have claims litigated efficiently and consuming an inordinate amount of the court's time. *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id.* at 1131. There are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all proceeding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which."

*Yeyille v. Miami Dade Cty. Pub. Sch.,* 643 F. App'x 882, 884 (11th Cir. 2016) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 – 23 (11th Cir. 2015)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for either (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss should be granted if the complaint does not proffer

enough facts to state a claim for relief that is plausible on its face. (*See Twombly, supra*, 550 U.S. at 558-59). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When deciding on a motion to dismiss, the district court is confined to the four corners of the complaint, must construe the complaint in the light most favorable to the plaintiff, and must accept all properly pled factual allegations as true. *Id.* However, courts need not accept conclusory allegations, unwarranted deductions, or mere legal conclusions advanced by a complainant. *Response Oncology, Inc. v. Metrahealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997).

## III.   ARGUMENT

### i.   *The Complaint is an impermissible shotgun pleading warranting dismissal.*

A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. *Barmapov v. Amuial,* 986 F.3d 1321, 1324 (11th Cir. 2021) (internal quotations and citations omitted). When faced with a shotgun pleading, a district court should strike the complaint and instruct the plaintiff to file a more definite statement. *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases). The Eleventh Circuit has recognized four types of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts all allegations of all preceding counts, (2) a complaint that is full of conclusory, vague, and immaterial facts obviously not connected to any particular cause of action, (3) a complaint that does not separate each cause of action or claim for relief into different counts, and

(4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omission, or which of the defendants the claim is brought against. *Tran v. City of Holmes Beach*, 817 Fed.Appx. 911, 913 (11th Cir. 2020).

Plaintiff's Complaint is an impermissible shotgun pleading because it fails to distinguish between separate causes of action and, rather, asserts causes of action under both §§ 1692c(a)(1) and 1692d of the FDCPA into a single count.  And "…failing to separate causes of action into different counts qualifies as a type of shotgun pleading under Eleventh Circuit precedent, necessitating dismissal…") *RKR Motors, Inc.,* 2024 U.S. Dist. LEXIS at *12 - *13 (S.D. Fla. 2024) citing *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321-23 (11th Cir. 2015) and *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

      ii.      *§1692c(a)(1) of the FDCPA does not apply to the "method" or "means of communications and, as such, the Complaint fails to state a cause of action upon which relief can be granted.*

§ 1692c(a)(1) of the FDCPA does not apply to "methods" or "means" of communications and, thus, Plaintiff's theory of liability under this section of the FDCPA fails as a matter of statutory interpretation.  As with any question of statutory interpretation, the court must "begin by examining the text of the statute to determine whether its meaning is clear." *United States CFTC v. Hunter Wise Commodities, LLC*, 749 F.3d 967, 976 (11th Cir. 2014) quoting *Silva-Hernandez v. U.S. Bureau of Citizenship Servs.,* 701 F.3d 356, 361 (11th Cir. 2012). "[W]hen statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000) (internal quotations omitted).

The plain language of § 1692c(a)(1) creates a cause of action only for communicating with a consumer at a time or place known to be inconvenient to the consumer. It says nothing about the method or means used for such communications. For this reason, both a variety of courts and the agency Congress tasked with implementing and enforce the FDCPA, the Consumer Financial Protection Bureau ("CFPB"), have consistently interpreted the "time or place" language to govern conduct such as contacting a consumer at the consumer's place of employment, when the consumer has asked the debt collector not to. *See, e.g.*, *Belcher v. Glob. Tr. Mgmt. LLC,* 2020 WL 13429983, *2 (N.D. Tex. May 14, 2020) (finding a debt collector may violate § 1692c(a)(1) by ignoring a consumer's request not to contact them at work); CFPB, Debt Collection Practices (Regulation F), Supplement 1 to Part 1006, Official Interpretation 2(d), 85 FR 76734-01 at *76896-768967, Official Interpretation 6(b)(1) (providing examples of conduct that implicates the "time and place" provision to include things like contacting the consumer at his place of employment or during working hours or on the weekends). Had Congress intended § 1692c(a)(1) to prohibit communicating with a consumer through an "unusual or inconvenient" "medium" (or means, channel, method, etc.), it could have said so. But it did not. And concluding § 1692c(a)(1) covers the "medium" through which a communication is made reads language into the provision that is not there, which violates the bedrock rule of statutory interpretation.

Courts around the country have rejected Plaintiff's theory of liability in cases that are virtual carbon copies of this one. *See Ford v. Midland Credit Mgmt., Inc.*, 2024 U.S. Dist. LEXIS 119226, *9 (N.D. Ga. July 8, 2024); *Kirk v. Credit Mgmt. L.P.*, 2024 U.S. Dist. LEXIS 114294, *5 (M.D. Ala. June 28, 2024); *Marks v. Javitch Block LLC*, 2024 U.S. Dist. LEXIS 45737, *5 (E.D. Tex. Mar. 14, 2024); *White v. LVNV Funding, LLC*, 2024 U.S. Dist. LEXIS 16825, *6 (D. Nev. Jan. 30, 2024). In each of these cases, the plaintiff sent the defendant a letter requesting

validation of a debt and saying something to the effect that email was the only "convenient" way to contact them, and then sued the defendant under § 1692c(a)(1) for sending validation by letter, rather than by email. *See Ford*, 2024 U.S. Dist. LEXIS 45737, at *5 (stating "I do request you only contact me by my email address"); *Kirk*, 2024 U.S. Dist. LEXIS 114294, at *1-2 (stating "the only convenient way to contact" the plaintiff "is via email"); *Marks v. Javitch Block LLC*, 2024 U.S. Dist. LEXIS 36711, *2 (E.D. Tex. Feb. 27, 2024) *report and recommendation adopted*, *Marks*, 2024 U.S. Dist. LEXIS 45737, *5 (same); *White*, 2024 U.S. Dist. LEXIS 16825, at *4 (same). In each case, the court concluded the plaintiff's claim failed as a matter of law because it did not relate to the "time or place" of the communication, but to the "medium" or "manner" through which the communication was made, which is not covered by § 1692c(a)(1). *See Ford*, 2024 U.S. Dist. LEXIS 45737, at *8-9 (summarizing and following the courts' reasoning in *Kirk*, *Marks* and *White*). This reasoning applies with equal force here.

## IV.    **CONCLUSION**

For the foregoing reasons, this Honorable Court should grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:    */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN B. WALSH, ESQUIRE
FL Bar No. 28179
CHELSEY R. PANKRATZ, ESQUIRE
FL Bar No. 120912
1200 Riverplace Blvd.
Suite 105 #1558

Jacksonville, FL 32207
☎  (904) 901-6369
🖷  (904) 298-8350 (fax)
🖳  [lburnette@messerstrickler.com](mailto:lburnette@messerstrickler.com)
🖳  [jmarees@messerstrickler.com](mailto:jmarees@messerstrickler.com)
🖳  [mwalsh@messerstrickler.com](mailto:mwalsh@messerstrickler.com)
🖳  [cpankratz@messerstrickler.com](mailto:cpankratz@messerstrickler.com)
*Counsel for Defendant*

Dated: October 22, 2024

## CERTIFICATE OF SERVICE

I certify that on October 22, 2024, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By:    */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN B. WALSH, ESQUIRE
FL Bar No. 28179
CHELSEY R. PANKRATZ, ESQUIRE
FL Bar No. 120912
1200 Riverplace Blvd.
Suite 105 #1558
Jacksonville, FL 32207
☎  (904) 901-6369
🖷  (904) 298-8350 (fax)
🖳  [lburnette@messerstrickler.com](mailto:lburnette@messerstrickler.com)
🖳  [jmarees@messerstrickler.com](mailto:jmarees@messerstrickler.com)
🖳  [mwalsh@messerstrickler.com](mailto:mwalsh@messerstrickler.com)
🖳  [cpankratz@messerstrickler.com](mailto:cpankratz@messerstrickler.com)
*Counsel for Defendant*

Dated: October 22, 2024